02D03-2308-CT-000589

Allen Superior Court 3

Filed: 8/23/2023 10:49 C
Allen County, Ind

| STATE OF INDIANA ) | IN THE ALLEN SUPERIOR COURT |
|---|---|
| ) SS: | |
| COUNTY OF ALLEN ) | CAUSE NO. |

LA'RISSA BRYANT-COLEMAN, )
("RICHARD") AND LARRESHA BRYANT-, )
COLEMAN, )
                )
        Plaintiff, )
                )
v. )
                )
PARKVIEW HOSPITAL, INC., PARKVIEW )
HOSPITAL POLICE DEPARTMENT, A. )
SPANYLE #135 AND "JOHN DOES/JANE )
 DOES", )
                )
        Defendant. )

## COMPLAINT

Plaintiff's allege against Defendant's that:

1. Plaintiff's include La'Rissa Bryant-Coleman and Larresha Bryant-Coleman, brother and sister, both of whom reside in the city of Fort Wayne, county of Allen, state of Indiana.

2. Defendant's include Parkview Hospital, Inc., Parkview Hospital Police Department, Officer A. Spanyle #135, and "John Does/Jane Does" (unidentified Parkview security officers), Defendant's. Defendant Parkview Hospital Inc. operates a facility known as "Parkview Hospital Randallia" located at 2200 Randallia Drive, Fort Wayne, IN 46805. Parkview's primary address is 10501 Corporate Drive, Fort Wayne, IN 46845. The registered agent for Parkview Inc. is David Storey at 10501 Corporate Drive, Fort Wayne, IN 46845.

3. Plaintiff incorporates herein an Amended Tort Claim Notice dated May 16, 2022,

which is attached hereto and made a part hereof as Exhibit A (which includes factual allegations and summaries as stated by La'Rissa Bryant-Coleman). The initial Tort Claim Notice was sent to Defendant's on or about March 16, 2022, and is attached hereto and made a part hereof as Exhibit B.

4. Defendant Parkview formed the Parkview Health Police Department, a law enforcement entity established pursuant to the laws and statutes of the state of Indiana. Defendant A. Spanyle #135, and other "John Doe/Jane Doe" police officers were acting in their individual capacities as persons under color of law when, on February 11, 2022, while in Parkview Hospital Randallia, when they grabbed Larresha Bryant-Coleman dragged her into a hallway and slammed her against a wall, cuffed her, and threw her to the ground-- all of which was unnecessary and unreasonable force in violation of the Fourth Amendment and the state tort battery laws of the state of Indiana.

5. Defendant's grabbed La'Rissa Bryant-Coleman ("Richard") by the shoulders and shoved him onto a bed and restrained him there, Defendant's kneed Richard in the back, picked him up and slammed him down, kicked his already broken ankles, and put him in a choke hold, again slamming him to the floor placing one knee on his back while the other knee was placed on his neck. La'Rissa (Richard) began to hyperventilate and told the Defendant's he could not breath before he passed out and work up in handcuffs—all of which was unnecessary and unreasonable force in violation of the Fourth Amendment and the state tort battery laws of the state of Indiana.

6. Plaintiff's have both suffered a devastating loss of their wrestling careers. Both Plaintiff's were top wrestlers in the state of Indiana. Plaintiffs' injuries have impaired

2

their abilities to compete at a high level in the sport of wrestling.

7. The Defendant's and all of them committed battery against the Plaintiff's by touching them in a rude, insolent, and angry manner without cause or justification.

8. Defendant's, and each of them, in addition to using excessive force against the Plaintiff's, falsely detained and falsely arrested the Plaintiff's causing physical pain, emotional distress, mental anguish, humiliation, anxiety, and other damages and injuries.

9. This Complaint is being brought pursuant to the Fourth Amendment and 42 U.S.C.§ 1983, as well as the tort laws of the state of Indiana. Defendant's, and each of them, violated the constitutional rights of the Plaintiff's, to-wit, to be free from excessive force and false arrest. None of the Defendant's had probable cause to believe that either of the Plaintiff's were committing a crime.

10. The actions of the Defendant's, and each of them, were intentional, willful, and wanton, malicious, and in deliberate indifference to Plaintiff's rights under the Fourth Amendment and 42 U.S.C. § 1983, warranting an imposition of compensatory damages, punitive damages, as well as attorney's fees and costs.

WHEREFORE, the Plaintiff's, and each of them, request that judgment be issued against the Defendant's, and each of them, for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

*/s/ Christopher C. Myers*
Christopher C. Myers, #10043-02
Ilene M Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
*Attorney for Plaintiff*